# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In re the Matter of the Guardianship of:<br><br>JOSIAH K. LEE,<br><br>        An Incapacitated Person. | No.  50199-6-II<br><br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Michelle Gilbert appeals from a 2011 guardianship proceeding and two March 27, 2017 superior court orders denying Gilbert's 2017 motions related to the 2011 guardianship of her son Josiah K. Lee.[1]  Because the appeal of the 2011 guardianship order is untimely and the record on appeal is inadequate to review the two March 2017 orders, we affirm the superior court.

## FACTS

In April 2011, the superior court granted a petition for the guardianship of Gilbert's son and appointed Gilbert's parents as his co-guardians.  Gilbert opposed the guardianship.

On March 27, 2017, almost six years later, the superior court denied two motions filed by Gilbert.  The superior court referred to the first motion as a motion to modify a guardianship and

---

[1] Respondent asserts that Gilbert may also be attempting to appeal another order dated April 12, 2017.  Because this order was not included in Gilbert's notice of appeal, we do not address any issues related to the April 12, 2017 order.  Furthermore, even if we were to address this order, the record is inadequate to allow for appellate review.

to the second motion as a "Motion re: Independent Action to vacate a fraud medical report." Clerk's Papers (CP) at 43-44. The superior court's orders did not describe the motions in any detail or provide any analysis. On April 4, 2017, Gilbert filed a notice of appeal that appeared to designate the original guardianship and/or orders entered around the time of the 2011 guardianship order and the two March 27, 2017 orders.

ANALYSIS

Gilbert appears to assert that the 2011 guardianship was improper because (1) there was no evidence that her son was incapacitated, (2) the superior court considered a medical report that she was not aware of and the court concealed from her, (3) the guardian ad litem (GAL) submitted a fraudulent medical report, (4) her parents falsified another exhibit, (5) the superior court considered a medical report from an unqualified medical expert, and (6) the superior court made "false accusations against" her. Br. of Appellant at 1-2.

To the extent these allegations relate directly to the guardianship order or other orders entered on or near the same time as the 2011 guardianship order, they are not properly before us because Gilbert did not appeal within 30 days. RAP 5.2(a).

The only orders timely appealed were the two March 27, 2017 orders, but there is nothing in the record that allows us to review those orders. The record before us includes only a transcript from the 2011 guardianship hearing, a copy of a March 25, 2017 email to the superior court, a copy of a March 27, 2017 letter from the superior court concerning a "[g]uardianship [c]omplaint," the two March 27, 2017 orders, and an April 12, 2017 order. None of these documents explain the arguments Gilbert raised in her motions or what evidence those motions relied on.

No. 50199-6-II

A party seeking review bears the burden to perfect the record so that the reviewing court has before it all the evidence relevant to the issues raised on appeal. RAP 9.1-9.7; *State v. Vazquez*, 66 Wn. App. 573, 583, 832 P.2d 883 (1992)). If the record is inadequate for review, we will not consider the inadequately supported issue on direct appeal. *State v. Tracy*, 158 Wn.2d 683, 691, 147 P.3d 559 (2006). The record before us does not contain the relevant motions or any other relevant materials and is inadequate for review.[2] Accordingly, we affirm the superior court.[3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

JOHANSON, J.

---

[2] We note that statements and assertions in an appellant's brief are not considered part of the record.

[3] We deny Respondent's motion for sanctions under RAP 18.9(1).